NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. RECORDS INC., ATLANTIC RECORDING CORPORATION, ELEKTRA ENTERTAINMENT GROUP INC., and RHINO ENTERTAINMENT COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>SEEQPOD, INC.<br><br>Defendant. | CASE NO. CV-08-00335 VBF (PLAx)<br><br>[~~PROPOSED~~] **AMENDED STIPULATED PROTECTIVE ORDER** |

## GOOD CAUSE STATEMENT

1. WHEREAS, the parties in this action have requested production of information of a confidential and proprietary nature, including information regarding each party's business strategies and operations that if disclosed to a competitor would subject the disclosing party to a substantial risk of significant harm;

2. WHEREAS, this information includes such matters as the source code for defendant's proprietary computer search algorithms, research and technical documents, and business plans, as well as information concerning plaintiffs' internet business strategies and agreements with third party music internet sites.

3. WHEREAS, the parties to this action having requested that the Court issue a discovery confidentiality order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and confidential information that may be the subject of discovery and disclosure in this case, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order, IT IS THEREFORE HEREBY:

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, and all third parties providing discovery in this action – shall adhere to the following terms:

1. This Order shall apply to all information, documents and tangible things subject to discovery in this action, that are in the possession, custody, or control of a party, or of a non-party witness, and that are properly designated as "Confidential" or "Highly Confidential" pursuant to this Order. By way of example, and not limitation, Confidential or Highly Confidential information may include, or be included in, documents, tangible things, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings and any instrument which

comprises, embodies or summarizes matter which any party or non-party has designated as Confidential or Highly Confidential. Confidential or Highly Confidential information may also include information revealed during depositions upon oral examination.

2. Counsel of record for any party or non-party may designate as "Confidential" any trade secret, proprietary, or confidential information of that party, regardless of form, including but not limited to, research, development, commercial, or business information, which such counsel reasonably and in good faith believes contains or reflects trade secret or confidential information. The "Confidential" designation extends to both the material so designated and to the substance of the information so designated and excerpts, studies, compilations or similar documents containing or compiled from said information.

3. Highly sensitive business and technical information, current disclosure of which to a competitor would be detrimental to the designating party, shall be identified upon disclosure by the legend "Highly Confidential."

4. "Confidential" Information and "Highly Confidential" Information shall not include:

(a) any information that is or was public knowledge, or subsequently becomes public knowledge, through no violation of this Order;

(b) any information that was provided by one party to the other party prior to the initiation of this litigation and without limitation as to its disclosure;

(c) any information that is acquired by a recipient from a source rightfully and lawfully possessing such information and lawfully entitled to disclose such information.

5. Either party may designate materials as "Confidential" or "Highly Confidential" in the following manner.

1       (a)   By imprinting the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page or cover of a document;

      (b)   By imprinting the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" next to or above any response to an interrogatory or request for admission; and

      (c)   With respect to testimony, by designation at the time the testimony is given.

      (d)   With respect to "Confidential" or "Highly Confidential" information not reduced to documentary, tangible or physical form or which cannot be conveniently designated, such information shall be designated by the producing party by informing the receiving party of the designation in writing in a manner reasonably sufficient to identify the confidentiality designation of the information so designated.

6.   Information designated as "Confidential" or "Highly Confidential" shall not be used in any manner for any purpose other than the prosecution, defense or settlement of the above-captioned lawsuit, provided, however, that nothing contained in this Order shall restrict the use or disclosure of information designated "Confidential" or "Highly Confidential" by the designating party.

7.   Information designated "Confidential" shall not be discussed, revealed or disclosed in any manner or form to any person other than the following "Permitted Recipients:"

      (a)   The officers, directors, employees, and agents of the parties who are involved in the prosecution, defense, or settlement of this lawsuit, limited to no more than seven such individuals, each of whom must execute the undertaking set forth in Exhibit A;

      (b)   Named counsel of record for each party, and such other members or employees of those firms who assist counsel in the prosecution, defense, or settlement of this lawsuit;

(c) The parties' retained experts, whether testifying or consulting, (including the secretarial and clerical staffs of such experts) (hereinafter "experts"), provided that any such experts have agreed in writing to be bound by the terms of this Order, as set forth in Exhibit A and no objection to that retained expert's receipt of Confidential information remains open pursuant to the provisions of Paragraph 10 (for the avoidance of doubt, the denial or withdrawal of any disclosing party's motion shall immediately terminate any restriction on providing Confidential information to such expert);

(d) Any third-party witness at any deposition or other proceeding in this action, provided that such witness agrees in writing to be bound by the terms of this Order, as set forth in Exhibit A;

(e) Any personnel employed by any court having jurisdiction over proceedings in this lawsuit or over individuals subject to this Order;

(f) Any court reporter or typist recording or transcribing testimony in this lawsuit; and

(g) Commercial document services employed for copying, imaging, scanning, document handling, document storage, or related litigation support functions in connection with this case.

Information that was produced in prior matters with a designation of "Confidential" and that is reproduced by a producing party in this case, may be reproduced with the prior designation, in which case such information shall be treated by the receiving party as "Confidential" information hereunder.

8. Information designated "Highly Confidential" shall not be discussed, revealed or disclosed in any manner or form to any person other than the following "Permitted Recipients":

(a) Named outside counsel of record for each party, and such other members or employees of those firms who assist counsel in the prosecution, defense, or settlement of this lawsuit;

      (b)    The parties' experts, provided that any such experts have agreed in writing to be bound by the terms of this Order, as set forth in Exhibit A and no objection to that retained expert's receipt of Highly Confidential information remains open pursuant to the provisions of Paragraph 10 (for the avoidance of doubt, the denial or withdrawal of any disclosing party's motion shall immediately terminate any restriction on providing Highly Confidential information to such expert);

      (c)    Any court having jurisdiction over proceedings in this lawsuit or over individuals subject to this Order; and

      (d)    Any court reporter or typist recording or transcribing testimony in this lawsuit.

      Information that was produced in prior matters designation of "Highly Confidential," "Confidential – Attorneys' Eyes Only" or "Attorney's Eyes Only," and that is reproduced by a producing party in this case, may be reproduced with the prior designation, in which case such information shall be treated by the receiving party as "Highly Confidential" information hereunder.

      9.    The following procedures will govern the review of SeeqPod's source code. SeeqPod will make the source code available for an initial inspection by Plaintiffs' expert (and up to one assistant who works for the expert and, like the expert, shall agree in writing to be bound by the terms of this Order, as set forth in Exhibit A and to whom no objection remains open pursuant to the provisions of Paragraph 10) at the offices of Farella Braun + Martel. Counsel for both parties may be present during the course of this initial inspection. Upon the conclusion of the initial inspection, the parties shall meet and confer in good faith regarding procedures for providing further access to those portions of the source code requested by Plaintiffs' expert. In the event the parties cannot agree upon further procedures, they can raise the matter with the Court in accordance with Local Rule 37.

[PROPOSED] STIPULATED PROTECTIVE
ORDER - CV-08-00335 VBF (PLAx)    - 6 -    22926\1531281.1
4924687.3    22926\1593413.1

10. If a party wishes to retain an independent individual for the purpose of serving as a potential expert and the party wishes to disclose information designated "Confidential" or "Highly Confidential" to such individual, the party shall identify that individual to the designating party by email, facsimile or hand delivered letter not less than 7 calendar days before any "Confidential" or "Highly Confidential" is disclosed to such individual. The identification required by this paragraph shall include that individual's resume, sufficient to identify the individual's employment history for the last 10 years.

If the designating party believes it has a factual basis to support a good cause showing that disclosure of its "Confidential" or "Highly Confidential" information to the potential expert so identified presents a risk of injury to the designating party's business, the designating party must notify counsel for the receiving party of that belief, and the factual basis for it, within three (3) business days of receiving the receiving party's written notice. The parties must thereafter meet and confer in good faith on the designating party's objections and, if the matter cannot be resolved, present the matter to the Court in accordance with Local Rule 37. It shall be the designating and objecting party's burden on any such motion to show good cause why that potential expert should be precluded from receiving "Confidential" or "Highly Confidential" information. (For purposes of this Paragraph 10, email and facsimile notification are deemed received immediately upon transmission.) Any such motion shall be filed with a request by the designating and objecting party that the Court expedite its consideration and resolution of the motion for protective order. If the Court denies such motion or the designating and objecting party withdraws the motion, the restriction on the receiving party's disclosure to the proposed expert shall terminate immediately.

Identification of a technical advisor under this Protective Order is not a waiver of any applicable consultant or work product privilege, and does not by itself subject the technical advisor to any discovery.

11. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

12. Each party will retain the original Exhibit A executed by each of the Permitted Recipients to the extent the same is required pursuant to Paragraphs 7 and 8.

13. With respect to depositions, the parties shall proceed as follows:

(a) Any party may use "Confidential" or "Highly Confidential" information at a deposition. The parties agree to waive any right that they themselves, but not their outside counsel, be present during that part of the deposition when it is anticipated that "Highly Confidential" information of the adversary producing party will be disclosed. Only persons authorized to receive "Confidential" or "Highly Confidential" information may attend the portions of the depositions pertaining to "Confidential" or "Highly Confidential" information, respectively.

(b) Counsel for a deponent may designate testimony at a deposition as "Confidential" or "Highly Confidential" during the course of any deposition. Such designation may be made in response to a question, prior to any responsive testimony being given, or after testimony has been given. If such a designation is made prior to the testimony being given, any person not authorized to receive the "Confidential" or "Highly Confidential" information shall be excluded from the deposition until testimony regarding "Confidential" or "Highly Confidential" matters has been concluded. The portions of the deposition transcript pertaining to

"Confidential" or "Highly Confidential" matters shall be bound separately with a cover bearing the legend "CONTAINS [HIGHLY] CONFIDENTIAL INFORMATION" and shall not be shown to any person not authorized by paragraphs 7 or 8 above, as applicable, without prior order of the Court. The restrictions of this paragraph apply to videotaped depositions, and videocassettes or other video container shall be labeled in accordance with the provisions of this paragraph.

(c) If any party objects to the designation of testimony as "Confidential" or "Highly Confidential," the objection may be noted for the record but persons not authorized to receive "Confidential" or "Highly Confidential" information shall nevertheless be excluded from the deposition until testimony regarding "Confidential" or "Highly Confidential" matters has been concluded. After the deposition the objecting party may contest the designation before the Court consistent with the procedure set forth in Paragraph 15 below.

14. Except as agreed in writing by the designating party, information designated as "Confidential" or "Highly Confidential" shall be maintained in confidence, and in a secure and safe area, by the Permitted Recipient(s) to whom it is disclosed; may be used by such Permitted Recipient(s) only for the purposes of this litigation and for no other purpose; and may be disclosed by such Permitted Recipient(s) only to another Permitted Recipient in accordance with this Order. All Permitted Recipients shall exercise due and proper care with respect to the storage, custody and use of all information so designated.

15. Any party may at any time request that a disclosing party remove its "Confidential" or "Highly Confidential" designation from specific documents or information. Upon receipt of such request, the parties shall confer in good faith as to the status of the subject information. If the parties are unable to agree upon the status of the subject information, or in any event 10 days after making the written request for removal of a confidentiality designation, the requesting party may seek

relief from the Court in accordance with Local Rule 37. The responding party, however, shall have the burden of demonstrating to the Court the confidentiality of the documents or information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure.

16. Nothing contained in this Order shall restrict the use or disclosure of information designated "Confidential" or "Highly Confidential" by the designating party, or the ability of a party to move for a protective order as to any other discovery issue on any grounds.

17. If a party inadvertently produces discovery material that it later discovers, or in good faith later asserts to be privileged or otherwise protected from disclosure, the production of that discovery material shall not be deemed to constitute the waiver of any applicable privileges or other protection. In such circumstances, the producing party must immediately notify all parties in writing of the inadvertent production and the basis for the privilege or other protection from disclosure, and request in writing the return or confirmed destruction of the privileged or protected discovery material. Within five (5) days of receiving such notification, all receiving parties shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude any receiving party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by any receiving party that the materials were, in fact, privileged or otherwise protected in any way.

18. Absent order of the Court on a showing of good cause to proceed otherwise in connection with any trial of this matter, nothing herein shall restrict the use of "Confidential" or "Highly Confidential" Information at any such trial.

19. Subject to the provisions herein, if another court, administrative agency, or any other person subpoenas or orders production of "Confidential" Information or "Highly Confidential" Information that a party has obtained under

1 the terms of this Order, such party shall promptly notify the producing party of the
2 pendency of such subpoena or order, shall object to such production on the basis of
3 this Order, and shall use its best efforts to afford the producing party an opportunity
4 to be heard by the court or administrative agency prior to any disclosure of
5 "Confidential" Information or "Highly Confidential" Information.

6     20.    Nothing in this Order shall prevent or otherwise restrict counsel from
7 rendering advice to their clients and, in the course thereof, relying generally on
8 permitted examination of "Confidential" Information or "Highly Confidential"
9 Information. In rendering such advice and other communication with such client,
10 however, counsel shall not directly or indirectly convey the substance of, nor make
11 specific disclosure of, any item so designated or any specific information contained
12 therein, other than as is consistent with this Order.

13     21.    Failure by any person to challenge designation by another person of
14 any information as "Confidential" or "Highly Confidential" shall not be construed
15 as an admission or agreement that any specific information is or is not proprietary
16 or a trade secret, or is or is not subject to discovery, or is or is not admissible in
17 evidence.

18     22.    The inadvertent or unintentional disclosure by the designating party of
19 information considered to be "Confidential" or "Highly Confidential" regardless of
20 whether the information was so designated at the time of disclosure, shall not be
21 deemed a waiver in whole or in part of a party's claim of confidentiality, either as to
22 the specific information disclosed or as to any other information relating thereto.
23 Any such inadvertently or unintentionally disclosed information not designated as
24 "Confidential" or "Highly Confidential" at the time of its disclosure shall be
25 designated "Confidential" or "Highly Confidential" as soon as reasonably possible
26 after the supplying party becomes aware of the erroneous disclosure, but in no
27 event later than 30 days after such discovery, and shall thereafter be treated as
28 "Confidential" or "Highly Confidential" by the receiving individual(s).

[PROPOSED] STIPULATED PROTECTIVE
ORDER - CV-08-00335 VBF (PLAx)    - 11 -    22926\1531281 1
4924687.3                                                    22926 593413

23. Notwithstanding any contrary provision herein, a party claiming breach of this Order shall have the burden to serve written notice of such breach on counsel of record for the other party. Such notice shall specifically identify the "Confidential" or "Highly Confidential" documents or information with respect to which a breach of this Order is alleged to have occurred, and shall provide said party a reasonable period of not less than 30 days following the date of service of such notice in which to cure the breach.

24. In the event those subject to this Order violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, no person subject to the provisions of this Order shall assert as a defense thereto that the aggrieved party possesses an adequate remedy at law. Moreover, in the event that the aggrieved party is awarded injunctive relief, the person found to have violated this Order shall reimburse the aggrieved party for the costs, reasonable attorney's fees and other expenses incurred in obtaining that relief.

25. The parties and any other person subject to the terms of this Order, including Permitted Recipients, agree that the United States District Court for the Central District of California has jurisdiction over all persons producing or receiving documents pursuant to this Order for the purpose of enforcing this Order. Moreover, without regard to principles of conflicts of law, California law shall govern any disputes relating to the enforcement of this Order.

26. The provisions of this Order shall not terminate at the conclusion of this lawsuit, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the appellate process, or settlement, and shall continue in full force and effect thereafter. Within 60 days after final conclusion of all aspects of this litigation, all information designated "Confidential" or "Highly Confidential" and all copies of same (other than exhibits of record) shall be returned to the

1 designating party or destroyed, unless the designating party agrees in writing to some other disposition. Counsel of record shall certify compliance with this paragraph within 60 days after final conclusion of this litigation.

27. This Order may be amended by further stipulation of the parties, subject to the approval of the Court, or upon a party's motion, following the provision of written notice to the other party.

IT IS SO ORDERED.

Dated: 6/12/08

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

1. I, _____, have read the foregoing Confidentiality Order dated _____ 2008 (the "Order"), and agree to be bound by its terms with respect to any documents, information or materials that are furnished to me as set forth in the Order.

2. I hereby agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California with regard to any proceedings to enforce the terms of this Order.

_____
Signature                              Date

[PROPOSED] STIPULATED PROTECTIVE
ORDER - CV-08-00335 VBF (PLAx)
4924687.3

22926\1531281.1
22926\1593413.1